FEDERAL COURT OF THE STATE OF NEW YORK
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X
RUSSELL DIAMOND and MIA DIAMOND,

                Plaintiffs,

                -against-

AMERICAN BICYCLE GROUP LLC, and
AMETICAN BICYCLE GROUP LLC, d/b/a LITESPEED,

                Defendants.
---------------------------------------------------------------------------------X

Case No: 1:07-cv-8609

COMPLAINT

Plaintiffs, RUSSELL DIAMOND and MIA DIAMOND, by their attorneys, The Jacob D. Fuchsberg Law, LLP., complaining of the defendants, upon information and belief, alleges and sets forth as follows:

**FIRST CAUSE OF ACTION**

1.    That at all times hereinafter mentioned, plaintiff RUSSELL DIAMOND (hereinafter "RUSSELL DIAMOND") was and is an individual resident of the Town of Westport, County of Fairfield, State of Connecticut.

2.    That at all times hereinafter mentioned, plaintiff MIA DIAMOND (hereinafter "MIA DIAMOND") was and is an individual resident of the Town of Westport, County of Fairfield, State of Connecticut.

3.    That at all times hereinafter mentioned, defendants AMERICAN BICYCLE GROUP LLC and, alternatively, AMERICAN BICYCLE GROUP LLC, doing business as LITESPEED (both hereinafter referred to as "LITESPEED") was and

is a corporation headquartered in, organized under, and existing by virtue of the laws of the State of Tennessee.

4. That at all times hereinafter mentioned, LITESPEED was duly authorized to transact business in New York and has retailers and dealers for their bicycles in New York, within this federal court district as well as others.

5. That at all times hereinafter mentioned, RUSSELL DIAMOND and MIA DIAMOND are citizens of Connecticut, and not citizens of Tennessee, so there is complete diversity of citizenship between the parties.

6. The amount in controversy exceeds $75,000, exclusive of interest and costs, and this Court has jurisdiction pursuant to 28 U.S.C § 1332(a).

7. That at all times hereinafter mentioned, LITESPEED, in having several authorized retailers and dealers within the State of New York, and the subject bicycle having been sold to RUSSELL DIAMOND in the State of New York, creates sufficient contact within the State of New York to make it subject to personal jurisdiction within the State.

8. There exists complete diversity of citizenship between the parties and sufficient minimum contact on behalf of LITESPEED to establish personal jurisdiction, making this venue proper under 28 U.S.C § 1391(c).

9. That at all times hereinafter mentioned, LITESPEED manufactures bicycle frames that are assembled with component parts into finished bicycles to be sold to the public by authorized retailers and dealers, and expects the bicycles to reach the user or consumer in the condition in which it was manufactured and then sold and that the

ultimate consumer relies on the reputation and quality of the frames they build for a "lifetime of riding".

10. In or about May, 2003, RUSSELL DIAMOND purchased a bicycle from BikeHampton, Sag Harbor, New York, a dealer and retailer authorized by LITESPEED to advertise, market, and sell new bicycle frames manufactured and produced by LITESPEED, located in the state of New York.

11. As a result of the defect, while RUSSELL DIAMOND was riding the bicycle on or about May 11, 2007, on Sport Hill Road, Route 59 in the State of Connecticut, suddenly and without warning it collapsed underneath him causing RUSSELL DIAMOND to be violently thrown to the ground.

12. The bicycle frame was not reasonably safe for normal and ordinary foreseeable use in that the frame was defectively designed and manufactured so that it fell apart while RUSSELL DIAMOND was riding.

13. At the time said bicycle frame was sold to RUSSELL DIAMOND, and left the said BikeHampton shop, it was in the same condition as when it left LITESPEED's manufacturing facility

14. LITESPEED failed to warn RUSSELL DIAMOND that due to its defective design, the bicycle frame should be regularly inspected and that it could suddenly fall apart while the bicycle was being ridden.

15. As a result of the accident, RUSSELL DIAMOND suffered severe and permanent physical and emotional injuries as well as past and future medical expenses.

## COUNT I

16. Plaintiffs repeat and reallege the allegations contained in paragraphs "1" through "15" inclusive, as though each were set forth fully at length herein.

17. RUSSELL DIAMOND asserts a cause of action against LITESPEED upon the theory of strict product liability.

18. That as a result of the foregoing, RUSSELL DIAMOND has been damaged in an amount that exceeds the monetary jurisdictional limits of any and all lower Courts that would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

## COUNT II

19. Plaintiffs repeat and reallege the allegations contained in paragraphs "1" through "18" inclusive, as though each were set forth fully at length herein.

20. RUSSELL DIAMOND asserts this cause of action against LITESPEED upon the theory of negligence.

21. That as a result of the foregoing, RUSSELL DIAMOND has been damaged in an amount that exceeds the monetary jurisdictional limits of any and all lower Courts that would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

## COUNT III

22. Plaintiffs repeat and reallege the allegations contained in paragraphs "1" through "21" inclusive, as though each were set forth fully at length herein.

23. RUSSELL DIAMOND asserts this cause of action against LITESPEED upon the theory of breach of warranty.

24. That as a result of the foregoing, RUSSELL DIAMOND has been damaged in an amount that exceeds the monetary jurisdictional limits of any and all lower Courts that would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

## SECOND CAUSE OF ACTION

25. Plaintiffs repeat and reallege the allegations contained in paragraphs "1" through "24" inclusive, as though each were set forth fully at length herein.

26. That at all times hereinafter mentioned, MIA DIAMOND was and still is the wife of RUSSELL DIAMOND.

27. That as a result of the negligence, recklessness and/or carelessness of the defendant herein, MIA DIAMOND, has been caused to suffer the loss of companionship, company and services of RUSSELL DIAMOND.

28. That as a result of the foregoing, MIA DIAMOND has been damaged in an amount, which exceeds the monetary jurisdictional limits of any and all lower Courts, which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

WHEREFORE, plaintiffs RUSSEL DIAMOND AND MIA DIAMOND demand judgment against LITESPEED in an amount exceeding the jurisdictional limitations of all

lower courts which would otherwise have jurisdictional herein, together with all costs, interest, and disbursements of this action.

Dated: New York, New York
      September 7, 2007

                                            _____
                                            Alan L. Fuchsberg
                                            THE JACOB D. FUCHSBERG LAW FIRM, LLP
                                            Attorneys for Plaintiffs
                                            500 Fifth Avenue, 45th floor
                                            New York, NY 10110
                                            (212) 869-3500